898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie L. CURTIS, Plaintiff-Appellant,
v.
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS; Agent Dennis
Price; Ex-Agent Bridgewaters, Defendants-Appellees.
 No. 89-5968.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1990.
 
 Before WELLFORD and RYAN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's order denying his motion to set aside an agreed order dismissing a civil rights complaint. He has filed a motion for appointment of counsel. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In the underlying complaint, Ronnie Lee Curtis alleged that defendants, agents of the Bureau of Alcohol, Tobacco and Firearms, were untruthful to the court and grand jury in obtaining an indictment, untruthful in a court hearing, and threatened and intimidated witnesses during the course of an arson investigation. Curtis requested compensatory damages.
 
 
 3
 An agreed order dismissing the case was entered on April 20, 1989. On May 23, 1989, Curtis filed a motion to set aside the dismissal. As grounds for relief, he asserted that he was coerced into signing the agreed order as a condition of receiving a favorable plea agreement on state criminal charges.
 
 
 4
 Upon review, we conclude that the district court's order overruling the motion to set aside was not an abuse of discretion. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). The district court may set aside a judgment or order on grounds of fraud, misrepresentation or misconduct by an adverse party. Fed.R.Civ.P. 60(b)(3). However, even if we accept Curtis's allegations as true, he has not met the burden of showing that he is entitled to relief under the rule. See Salem Mortgage Co., 791 F.2d at 459. Criminal defendants are often required to make difficult choices; plea bargaining does not violate the Constitution even though a guilty plea waives some constitutional rights. Town of Newton v. Rumery, 480 U.S. 386, 392 (1987). Additionally, release and settlement agreements are not more coercive than other situations. 480 U.S. at 392. If, as Curtis alleges, he received a favorable plea agreement, he received consideration for waiving his federal claims. See Shaheen v. B.F. Goodrich Co., 873 F.2d 105, 107 (6th Cir.1989) (per curiam). Since Curtis received the benefit of his bargain, the alleged misconduct of defendants is not grounds to set aside the agreement.
 
 
 5
 Accordingly, the motion for appointment of counsel is hereby denied and the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.